# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Erin Wilson, on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Leadpoint, Inc. ) ) ) Defendant. ) ) | CIVIL ACTION FILE NO. 1:25-cv-06200-SCJ |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Erin Wilson ("Plaintiff") and Defendant Leadpoint, Inc. ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

**1.   Description of Case:**

**(a)   Describe briefly the nature of this action.**

Plaintiff's Statement:

Plaintiff filed a class action complaint against Defendant through which is it asserted Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by making calls to individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

There are no pending or previously adjudicated related cases.

<u>Defendant's Statement:</u>

The facts of this case are simple. An individual named Ninapulin Sheth living in Duluth, Georgia submitted an online inquiry on October 6, 2025 requesting information concerning refinancing options from Defendant. As part of this online inquiry, Ms. Sheth listed the telephone number that Plaintiff claims to be currently assigned to her. Defendant attempted to contact Ms. Sheth back at this telephone number she provided with her prior express written consent to do so. Ultimately, as alleged Plaintiff, a representative of Defendant spoke with Plaintiff one time, and during this call, Ms. Wilson indicated that she did not submit the inquiry in question and asked not to be called further by Defendant. As requested, Defendant did not call her again – clearly indicating Defendant honors do-not-call requests.

Relevant here, neither the TCPA nor the Georgia Telephone Solicitation Act are strict liability statutes, but provide an affirmative defense for situations such as this. Further, given the fact pattern above, Defendant also contends that Plaintiff lacks standing under the Eleventh Circuit's decision in *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1264 (11th Cir. 2019). That's because where Plaintiff "would have been injured in precisely the same way even if the [Defendant] had not engaged in the conduct that [s]he claimed was unlawful," there can be no "standing because of the failure to trace the injury to the unlawful conduct."

2

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement:

Plaintiff maintains that there was no prior relationship with Defendant, never signed up for any of their offerings or provided consent to be called. Nevertheless, it is alleged that telemarketing calls were received from the Defendant.

Defendant's Statement:

Defendant incorporates its Statement immediately above.

**(c)    The legal issues to be tried are as follows:**

Plaintiff's Legal Issues:

1. Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2. Whether this action should be certified as a class action;

3. Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4. Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

Defendant's Additional Legal Issues:

1. Whether Plaintiff has standing to pursue her claims.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)   The cases listed below (include both style and action number) are:**

(1)   Pending Related Cases:

Defendant notes that Plaintiff has filed at least 13 similar actions in 2025 in the Northern District of Georgia alone. In particular, three cases filed by Plaintiff on three consecutive days in October 2025 all appear to arise out of the same fact pattern – i.e., the individual Ninapulin Sheth providing the telephone number at issue to be contacted regarding refinancing options:

1:25-cv-06150-TWT       Wilson v. Royal United Mortgage LLC

1:25-cv-06200-MHC       Wilson v. Leadpoint, Inc.

1:25-cv-06218-ELR        Wilson v. Amerisave Mortgage Corporation

Undersigned counsel for Defendant is counsel for both the Royal United and Leadpoint matters, and respectfully submits that consolidation – at least for case management purposes – of these two cases would promote efficiency for the parties and judicial economy.

(2)   Previously Adjudicated Related Cases:

None.

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):**

<u>  x  </u>   (1)   Unusually large number of parties
<u>     </u>   (2)   Unusually large number of claims or defenses
<u>  x  </u>   (3)   Factual issues are exceptionally complex
<u>  x  </u>   (4)   Greater than normal volume of evidence
<u>  x  </u>   (5)   Extended discovery period is needed

|       | (6)  | Problems locating or preserving evidence |
|-------|------|------------------------------------------|
| _____ | (7)  | Pending parallel investigations or action by government |
| x     | (8)  | Multiple use of experts |
| _____ | (9)  | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| x     | (11) | Unusually complex discovery of electronically stored information |

Defendant denies that these factors apply to resolution of Plaintiff's claim.

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:     Anthony Paronich
                                Paronich Law, P.C.

Lead counsel for Defendant:     Adam Bowser
                                ArentFox Schiff LLP

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☒  Yes           ☐  No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant's Statement: As noted above, Defendant contends that under *Cordoba*, the Court lacks subject-matter jurisdiction because no law at issue here would have prevented Defendant from contacting the telephone number Defendant believed in good faith belonged to Ninapulin Sheth, and thus Plaintiff would have

been "injured" precisely the same way if Defendant complied or failed to comply Plaintiff's view of the law. Further, Defendant reserves the right to compel arbitration against purported absent class member(s) who were not contacted in error.

**5.  Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

Plaintiff's Response: To the extent Defendant used any vendor to send any of the subject calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

Defendant's Response: Not applicable.

(b)  The following persons are improperly joined as parties:

None.

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)  The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any

contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** **_Other Limited Motions:_**  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** **_Motions Objecting to Expert Testimony:_** Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be twelve months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) and serve expert report(s) by April 2, 2026

Defendant to disclose expert(s) and/or any rebuttal expert(s) and serve expert report(s) by May 3, 2026; and

Plaintiff to disclose any rebuttal expert(s) and serve rebuttal expert report(s) by June 2, 2026.

**8.** **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:

None.

9. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Defendant respectfully submits that a scheduling conference with the Court may be beneficial to discuss any outstanding issues related to Defendant's request to bifurcate discovery and its proposal to consolidate this case with the related Royal United matter, but only to the extent that the Court deems a conference necessary.

10. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases

to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff's Statement:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:

Defendant anticipates needing discovery from Plaintiff and a limited number of third parties, such as Ninapulin Sheth, concerning the request for information that

Defendant received that led to the telephone calls in question, as well as the numerous lawsuits filed by Plaintiff involving substantially similar fact patterns. Further, according to public records, another Georgia resident named Gwendolyn Law is or was assigned the same telephone number at issue, and Ms. Law formerly went by the name Gwen Wilson. This individual, also according to public records, has been arrested multiple times for fraud-based crimes. To be sure, these apparent facts could be entirely coincidental, but given the high-volume of cases being filed by Plaintiff involving disparate defendants responding to the "wrong" number, Defendant respectfully submits this is an appropriate line of individualized inquiry that should be resolved before wide-ranging and potentially unnecessary class discovery, as further detailed below.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff does not believe that discovery should be conducted in phases.

As detailed below, Defendant respectfully submits that discovery should first proceed exclusively as to the individualized issues associated with Plaintiff, and that such discovery should be completed by August 28, 2026. Any further discovery

11

deadlines, as necessary, would then be determined later based on the resolution of Plaintiff's individual claims.

11. **Discovery Limitations:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Defendant's Response: Defendant proposes that discovery be bifurcated so that discovery proceeds first on the merits of Plaintiff's individual standing and claim (Phase I), followed by class-related issues if and only if Plaintiff's individual claim against Defendant survives a motion under Federal Rule of Civil Procedure 12(b)(1) and/or a motion for summary judgment. District Courts have broad discretion to control discovery in this fashion, which has been recognized by District Courts in the Eleventh Circuit.[1] Courts have bifurcated individual merits and class discovery where doing so serves the interests of justice given the allegations and circumstances of particular cases, particularly where there are narrow, dispositive

---

[1] *See Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, Case No. 2:17-cv-24-FtM-38CM, 2018 U.S. Dist. LEXIS 57378, at *3 (M.D. Fla. Apr. 4, 2018); *see also Johnson v. Bd. Of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[D]istrict courts [have] broad discretion over the management of pre-trial activities, including discovery and scheduling."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."); *Katz v. Gokul RX Ltd. Liab. Co.*, Case No. 8:19-cv-2210-T-35SPF, 2020 U.S. Dist. LEXIS 5957, at *3 (M.D. Fla. Jan. 14, 2020) (citing factors considered in bifurcating discovery including "evidence suggesting the claims of the named plaintiffs lack merit or the absence of such evidence[.]").

issues with the individual claims, and discovery into those issues will not significantly overlap with class discovery.[2]

      (b)    Is any party seeking discovery of electronically stored information?

      ☒   Yes     ☐   No

**If "yes,"**

      **(1)**    The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

---

[2] *See, e.g.*, *Leschinsky v. InterContinental Hotels Corp.*, Case No. 8:15-cv-1470-T-30MAP, 2015 U.S. Dist. LEXIS 140535, at *5 (M.D. Fla. Oct. 15, 2015) (finding "a bifurcated discovery process [is] well-taken[]" when "Defendants have presented evidence suggesting that [plaintiff's] TCPA claims are without merit as a matter of law"); *Loreaux*, 2015 U.S. Dist. LEXIS 112250, at *11 (granting bifurcated discovery to "promote the efficient resolution of this matter . . . with no significant prejudice to Plaintiffs."); *Rivera v. Exeter Fin. Corp.*, Civil Action No. 15-cv-01057-PAB-MEH, 2016 U.S. Dist. LEXIS 11505, at *6 (D. Colo. Feb. 1, 2016) (granting Defendant's request to bifurcate discovery, limiting phase one only to "Plaintiff's individual claims and the class action requirements" to "avoid unnecessary, expensive, and burdensome discovery regarding putative class members").
.

**(2)** The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**13.    Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?
    Yes  X  No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**14.    Settlement Potential:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on December 29, 2025 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                                  /s/ Anthony Paronich

For Defendant:                              /s/ Adam Bowser

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐         A possibility of settlement before discovery.

☒         A possibility of settlement after discovery.

☐         A possibility of settlement, but a conference with the judge is needed.

☐         No possibility of settlement.

**(c)    Counsel ☐ do   ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**15.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**   ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted: January 9, 2026.

By: */s/ Katherine M. Silverman*
Benjamin I. Fink
Georgia Bar No. 261090
Katherine M. Silverman
Georgia Bar No. 395741
Emma L. Sammons
Georgia Bar No. 518517
Berman Fink Van Horn P.C.
3475 Piedmont Rd. NE, Suite 1640
Atlanta, GA 30305
Tel.: (404) 261-7711
bfink@bfvlaw.com
ksilverman@bfvlaw.com
esammons@bfvlaw.com

By: */s/ Adam Bowser*
Adam Bowser (admitted *pro hac vice*)
ArentFox Schiff LLP
1717 K Street, NW Washington, DC 20006 Tel.: (202) 857-6000 Fax: (202) 857-6395
Adam.Bowser@afslaw.com

*Counsel for Defendant Leadpoint, Inc.*

By: */s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*) (signed with permission)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*